**KELLER BENVENUTTI KIM LLP**
TOBIAS S. KELLER (Cal. Bar No. 151445)
(tkeller@kbkllp.com)
DAVID A. TAYLOR (Cal. Bar No. 247433)
(dtaylor@kbkllp.com
THOMAS B. RUPP (Cal. Bar No. 278041)
(trupp@kbkllp.com)
101 Montgomery Street, Suite 1950
San Francisco, California 94104
Telephone: (415) 496-6723
Facsimile: (650) 636-9251

*Attorneys for Debtor Home Tax Service of America, Inc.*

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| In re<br><br>MISCELLANEOUS PROCEEDING,<br><br>Debtor. | MP No.<br><br>Adv. No.<br><br>DCN: KBK-1 |
| Estate of BRAD DRIVER, by and through the Personal Representative and Administrator of his estate, MARIAH DRIVER,<br><br>Plaintiffs,<br><br>vs.<br><br>SETH PETER WELLISCH; and DOES 1-20, inclusive,<br><br>Defendants. | |

**EXHIBITS TO NOTICE OF REMOVAL OF LAWSUIT PENDING IN SUPERIOR COURT FOR THE STATE OF CALIFORNIA, SACRAMENTO COUNTY, TO BANKRUPTCY COURT**
**PURSUANT TO 28 U.S.C. § 1452 AND FED. R. BANKR. P. 9027(A)**



KELLER BENVENUTTI KIM LLP
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

Keller Benvenutti Kim LLP, counsel to Debtor Home Tax Service of America, Inc., hereby submits the following exhibits in support of the *Notice of Removal of Lawsuit Pending in Superior Court for the State of California, Sacramento County, to Bankruptcy Court* (the "**Notice**").[1]

| Exhibit | Title | Page |
|---|---|---|
| **A** | Complaint and Jury Demand | 3 |
| **B** | Civil Case Cover Sheet | 16 |
| **C** | Notice of Case Assignment | 19 |
| **D** | Summons | 22 |
| **E** | Proof of Service of Summons | 24 |
| **F** | Notice of Reassignment to Civil Home Court Department | 29 |
| **G** | Complaint | 33 |

Dated: November 17, 2025

**KELLER BENVENUTTI KIM LLP**

By: ______________________________
Gabrielle L. Albert

*Attorneys for Debtor Home Tax Service of America, Inc.*

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed in the Notice.

KELLER BENVENUTTI KIM LLP
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

KELLER BENVENUTTI KIM LLP
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

**Exhibit A**

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
09/30/2025
By: L. Stewart Deputy

ALVIN M. GOMEZ (SBN 137818)
alvingomez@thegomezlawgroup.com
DAVID FINN (SBN 249247)
david@thegomezlawgroup.com
BORIS SMYSLOV (SBN 297252)
boris@thegomezlawgroup.com
GOMEZ LAW GROUP
2725 Jefferson Street, Suite 3
Carlsbad, California 92008
Telephone: (858) 552-0000

Attorney for Plaintiff Estate of BRAD DRIVER, by and through the Personal Representative and Administrator of his estate, MARIAH DRIVER

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SACRAMENTO**

| | |
|---|---|
| Estate of BRAD DRIVER, by and through the Personal Representative and Administrator of his estate, MARIAH DRIVER,<br><br>Plaintiffs,<br><br>vs.<br><br>SETH PETER WELLISCH; and DOES 1-20, inclusive,<br><br>Defendants. | Case No.: 25CV023179<br><br>**COMPLAINT FOR DAMAGES FOR:**<br>**1) BREACH OF FIDUCIARY DUTY;**<br>**2) CONCEALMENT;**<br>**3) BREACH OF CONTRACT;**<br>**4) NEGLIGENCE; AND**<br>**5) UNJUST ENRICHMENT**<br><br>**UNLIMITED CIVIL CASE**<br><br>**REQUEST FOR JURY TRIAL** |

Estate of BRAD DRIVER, by and through the Personal Representative and Administrator of his estate, MARIAH DRIVER ("Plaintiff"), brings this Complaint against SETH PETER WELLISCH ("Defendant") and allege as follows:

## NATURE OF THE ACTION

1. Plaintiff is a co-owner in a Retail Shopping Center, located at Folsom Village Square 47 & 49 Natoma Street, Folsom, California ("Subject Property") with undivided shares.

2. On January 11th, 2013. Home Tax Service of America, Inc. dba Lefever Mattson Property Management entered into an agreement to manage Subject Property.

3. Home Tax Service of America, Inc. dba Lefever Mattson Property Management served as a property management company that was required to designate and have a California licensed real estate broker to serve as a property manager.

4. Defendant SETH PETER WELLISCH, a real estate broker License ID 01335793 was designated as the licensed real estate broker of record as verified by the Department of Real Estate.

5. As a licensed real estate broker, Defendant SETH PETER WELLISCH owed a fiduciary duty of care to all owners of the Subject property, including Plaintiff.

6. Defendant SETH PETER WELLISCH was charged with the following fiduciary duties:

- Placing advertising, at Owner/(s) expense, for property or portions of property for rent or lease; hire leasing agent, selecting and obtaining tenants; executing tenancies and leases as well as extensions and renewals of leases in the name of Owner/(s).
- For and on behalf of the Owner/(s), engaging and discharging employees and others needed for service in or maintenance of the premises.
- Effecting contracts for on-site management, utilities or other services in name of Owner/(s), purchasing supplies and equipment for operation of the premises, with Owner/(s) approval.
- Effecting insurance, when instructed in writing by Owner/(s), and paying

the premiums from the Owner/(s)'s account.

- Paying taxes and payment of interest and principal encumbrances can be accomplished, provided Agent receives such written instructions from Owner/(s) and provided funds are available in property account.
- Collecting and managing legal counsel for suing for rents and other moneys due; obtaining possession, terminating tenancies or leases, arranging and consenting to assignments or subletting of premises (Agent's or Owner/(s)'s attorneys' fees for service pertaining to the property shall be an expense of the Owner/(s)).
- Assisting in obtaining settlements on insurance or other claims. Employing attorneys as and when needed.
- Paying all of the above expenses incurred for the Owner/(s)'s account and at the Owner/(s)'s expense, including the fees for Agent, moneys advanced by Agent, and reimbursable expenses of Agent which includes but is not limited to property supplies and property operating forms.
- Manage the property so that there were no issues regarding issues such as contamination on the subject property

7. Sometime in 2024, Plaintiff learned, that the Subject Property was not properly maintained. In particular, Subject Property was identified by the Central Valley Water Board as a source of chemicals commonly used in dry cleaning operations that have and continue to pollute groundwater and soil gas beneath and surrounding the Site.

8. On July 10, 2024, Central Valley Water Board sent a letter, requesting a work plan to delineate the soil vapor and groundwater at the Site and required you to resume groundwater monitoring. Defendant never responded to the letter.

9. On or about December 2, 2024 Defendant left his position as an officer of Home Tax Service of America, Inc. dba Lefever Mattson Property Management.

10. From July 10, 2024 to December 2, 2024 Defendants took no action in response to the Central Valley Water request and did not respond to the request.

## THE PARTIES

11. Plaintiff Estate of BRAD DRIVER, by and through the Personal Representative and Administrator of his estate, MARIAH DRIVER is a co-owner of two parcels of Retail Shopping Center, located at Folsom Village Square 47 & 49 Natoma Street, Folsom, California.

12. Defendant SETH PETER WELLISCH is a former Designated Licensed Officer of Home Tax Service of America, Inc. dba Lefever Mattson Property Management, who was charge with management of the Subject Property.

13. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 20, inclusive, are unknown to Plaintiff, and therefore Plaintiff sues these Does by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of said fictitiously named DOES is in some manner responsible for the events and occurrences herein, and was an actual, proximate, and substantial cause of the injuries to Plaintiff, as herein alleged.

14. The fictitiously named DOES, and SETH PETER WELLISCH, are collectively referred to as Defendants. Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of these DOES when they have been ascertained.

## JURISDICTION AND VENUE

15. This Court has jurisdiction over the entire action because this is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of the Court.

16. The acts and omissions complained of in this action took place in the State of California, and that Defendants SETH PETER WELLISCH is doing business within the City of Folsom, County of Sacramento and does business in the State of California.

17. Venue is proper because the acts and/or omissions complained of took place, in whole or in part, within the venue of this Court, and/or one or more Defendant

does business within the venue of this court.

**FIRST CAUSE OF ACTION**

**(Breach of Fiduciary Duty)**

18. The Plaintiff incorporates by reference each of the allegations in paragraphs 1 through 17 above as though fully set forth herein.

19. At all times relevant herein, Defendant SETH PETER WELLISCH and DOES 1 to 20 owed a fiduciary duty to each Plaintiff.

20. Defendant SETH PETER WELLISCH and DOES 1 to 20 were obligated to act in the best interests of Plaintiff and other property co-owners for the purposes of managing Subject Property.

21. Defendant SETH PETER WELLISCH and DOES 1 to 20 failed to act as a reasonable real estate broker would have acted under the same or similar circumstances, including, but not limited to failure to react to the July 10, 2024, letter of Central Valley Water Board regarding the Subject Property.

22. Plaintiff, and other similarly situated co-owners, were harmed in that they are jointly and severally subjected to fines and increased costs of compliance with the July 10, 2024, letter of Central Valley Water Board, deterioration of property and reduction of property value.

23. Defendant SETH PETER WELLISCH and DOES 1 to 20 failure to react to the July 10, 2024, letter of Central Valley Water Board was a substantial factor in causing Plaintiff and other similarly situated co-owners harm.

24. Defendants SETH PETER WELLISCH and DOES 1 to 20 failed to properly manage the Subject property and breached their fiduciary duties to Plaintiff and other similarly situated co-owners by engaging in the following conduct, acts and omissions:

- Failing to rent the subject property;
- Failure to market the subject Property;
- Failing to ensure that each tenant had proper and effective commercial

property insurance that listed each owner, including Plaintiff, as additional insureds on the Subject property;

- Failing to collect and provide a timely accounting to each owner, including Plaintiff, regarding the Subject property; and
- Other breaches still under investigation.

25. Plaintiff is still investigating facts to determine what other specific fiduciary obligations that each Defendant breached.

26. As a result of unlawful conduct of Defendants SETH PETER WELLISCH and DOES 1 to 20, Plaintiff and other similarly situated co-owners have suffered damages in an amount, subject to proof.

27. The precise amount of damages is not presently known to Plaintiff but can be determined directly from the records or indirectly based on information from the records of Defendants SETH PETER WELLISCH and DOES 1 to 20.

28. Plaintiff is entitled to attorney fees and costs based on the contract.

29. Defendants SETH PETER WELLISCH and DOES 1 to 20, acted willfully, oppressively, maliciously and with conscious disregard for Plaintiff's rights, and with the intent to annoy, harass or injure Plaintiff, in violation of California Civil Code section 3294, such that Plaintiff is entitled to recovery of punitive damages in an amount according to proof at trial.

**SECOND CAUSE OF ACTION**

**(Concealment)**

30. The Plaintiff incorporates by reference each of the allegations in paragraphs 1 through 29 above as though fully set forth herein.

31. At all times relevant herein, Defendants SETH PETER WELLISCH and DOES 1 to 20, owed Plaintiff a fiduciary duty in managing the Subject Property.

32. Defendants SETH PETER WELLISCH and DOES 1 to 20, intentionally failed to disclose certain facts to Plaintiff and other similarly situated co-owners,

including, but not limited to failure to disclose requests in the July 10, 2024, letter of Central Valley Water Board regarding the Subject Property.

33. Moreover, Defendants SETH PETER WELLISCH and DOES 1 to 20 concealed and failed to properly manage the Subject property and breached their fiduciary duties to Plaintiff and other similarly situated co-owners by engaging in the following conduct, acts and omissions:

- Failing to rent the subject property;
- Failure to market the subject Property;
- Failing to ensure that each tenant had proper and effective commercial property insurance that listed each owner, including Plaintiff, as additional insureds on the Subject property;
- Failing to collect and provide a timely accounting to each owner, including Plaintiff, regarding the Subject property; and
- Other breaches still under investigation.

34. Plaintiff and other similarly situated co-owners did not know about the concealed facts.

35. Defendants SETH PETER WELLISCH and DOES 1 to 20, intended to deceive Plaintiff and other similarly situated co-owners by concealing the facts from her, so that Defendants SETH PETER WELLISCH and DOES 1 to 20 would continue receiving compensation without performing their fiduciary duties for which compensation was being provided.

36. Had the omitted information been disclosed, Plaintiff would have made steps to assure compliance with the requirements of Central Valley Water Board and to preserve value of the Subject Property, among other breaches listed above.

37. Plaintiff, and other similarly situated co-owners, were harmed in that they are jointly and severally subjected to fines and increased costs of compliance with the

July 10, 2024, letter of Central Valley Water Board, deterioration of property and reduction of property value.

38. As set forth above, Defendants SETH PETER WELLISCH and DOES 1 to 20 failed to properly manage the Subject property, including the renting of the subject property, marketing the subject Property, insuring that each tenant had proper and effective commercial property insurance that listed each owner, including Plaintiff, as additional insureds on the Subject property.

39. Defendants SETH PETER WELLISCH and DOES 1 to 20, failure to disclose the July 10, 2024 letter of Central Valley Water Board, among other facts listed above, were a substantial factor in causing Plaintiff harm.

40. As a result of the unlawful conduct of Defendants SETH PETER WELLISCH and DOES 1 to 20, Plaintiff has suffered damages in an amount, subject to proof. The precise amount of damages is not presently known to Plaintiff but can be determined directly from Defendants records or indirectly based on information from Defendant's records.

41. Plaintiff is entitled to attorney fees and costs based on the contract.

42. Defendants SETH PETER WELLISCH and DOES 1 to 20 acted willfully, oppressively, maliciously and with conscious disregard for Plaintiff's rights, and with the intent to annoy, harass or injure Plaintiff, in violation of California Civil Code section 3294, such that Plaintiff is entitled to recovery of punitive damages in an amount according to proof at trial.

## THIRD CAUSE OF ACTION

## (Breach of Contract)

43. The Plaintiff incorporates by reference each of the allegations in paragraphs 1 through 42 above as though fully set forth herein.

44. At all times relevant herein, Defendants SETH PETER WELLISCH and DOES 1 to 20, and Plaintiff were parties to the contract where Defendants SETH PETER

WELLISCH and DOES 1 to 20, as a real estate broker was to provide Plaintiff with management of Subject Property.

45. Plaintiff is informed and believes that Defendants SETH PETER WELLISCH and DOES 1 to 20 timely received compensation for the services Defendant was to provide in management of Subject Property as a real estate broker.

46. Defendants SETH PETER WELLISCH and DOES 1 to 20 failed to act as a reasonable real estate broker would have acted under the same or similar circumstances, including, but not limited to failure to react to the July 10, 2024, letter of Central Valley Water Board regarding the Subject Property, among other facts set forth above.

47. Plaintiff, and other similarly situated co-owners, were harmed in that they are jointly and severally subjected to fines and increased costs of compliance with the July 10, 2024, letter of Central Valley Water Board, deterioration of property and reduction of property value, among other damages as set forth above.

48. Defendants SETH PETER WELLISCH and DOES 1 to 20 failure to perform their property management duties as set forth above were a substantial factor in causing Plaintiff and other similarly situated co-owners harm and damages.

49. As a result of the unlawful conduct Defendants SETH PETER WELLISCH and DOES 1 to 20, Plaintiff has suffered damages in an amount, subject to proof. The precise amount of damages is not presently known to Plaintiff but can be determined directly from the records or indirectly based on information from the records of Defendants SETH PETER WELLISCH and DOES 1 to 20.

50. Plaintiff is entitled to attorney fees and costs based on the contract.

**FOURTH CAUSE OF ACTION**

**(Negligence)**

51. Plaintiff incorporates by reference each of the allegations in paragraphs 1 through 50 above as though fully set forth herein.

52. Defendants SETH PETER WELLISCH and DOES 1 to 20 acted on behalf of Plaintiff for the purposes of managing Subject Property.

53. Defendant was negligent, including, but not limited to:

- Failing to rent the subject property;
- Failure to market the subject Property;
- Failing to ensure that each tenant had proper and effective commercial property insurance that listed each owner, including Plaintiff, as additional insureds on the Subject property;
- Failing to collect and provide a timely accounting to each owner, including Plaintiff, regarding the Subject property; and
- Other breaches still under investigation.

54. Plaintiff and other similarly situated co-owners were harmed based on the negligent conduct, action, inaction, omissions and affirmative acts of Defendants SETH PETER WELLISCH and DOES 1 to 20.

55. As a result of Defendants SETH PETER WELLISCH and DOES 1 to 20 unlawful conduct, Plaintiff has suffered damages in an amount, subject to proof.

56. The precise amount of damages is not presently known to Plaintiff but can be determined directly from Defendant's records or indirectly based on information from Defendant's records.

**FIFTH CAUSE OF ACTION**

**(Unjust Enrichment)**

57. The Plaintiff incorporates by reference each of the allegations in paragraphs 1 through 56 above as though fully set forth herein.

58. At all times relevant herein, Defendants SETH PETER WELLISCH and DOES 1 to 20 and Plaintiff were parties to the contract where Defendants SETH PETER WELLISCH and DOES 1 to 20 served as the designated real estate broker to provide Plaintiff with management of Subject Property.

59. Plaintiff is informed and believes that Defendants SETH PETER WELLISCH and DOES 1 to 20 timely received compensation for the services Defendant

was to provide in management of Subject Property as a real estate broker.

60. Defendants SETH PETER WELLISCH and DOES 1 to 20 failed to act as a reasonable real estate broker would have acted under the same or similar circumstances as set forth above.

61. Defendants SETH PETER WELLISCH and DOES 1 to 20 were unjustly enriched by receiving compensation from Plaintiff and other similarly situated co-owners for the services Defendants did not perform.

62. Plaintiff and other similarly situated co-owners were harmed to the extent that Defendants SETH PETER WELLISCH and DOES 1 to 20 received compensation for the services that Defendant did not perform.

63. As a result of the unlawful conduct of Defendants SETH PETER WELLISCH and DOES 1 to 20, Plaintiff has suffered damages in an amount, subject to proof. The precise amount of damages is not presently known to Plaintiff but can be determined directly from the records or indirectly based on information from Defendants SETH PETER WELLISCH and DOES 1 to 20 records.

64. Plaintiff is entitled to attorney fees and costs based on the contract.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against all Defendants, including DOES 1 through 20 inclusive, as follows:

1. For special damages, according to proof;
2. For punitive damages;
3. For reasonable attorney’s fees;
4. For costs of the suit;
5. For restitution for unjust enrichment;

6. For pre-judgment and post-judgment interest to the extent permitted by law; and

7. Such other and further relief as the Court may deem just and proper.

Dated: September 30, 2025

**GOMEZ LAW GROUP**

By: ______________________

Alvin M. Gomez, Esq.
David Finn, Esq.
Boris Smyslov, Esq.
Attorneys for Plaintiffs

**<u>DEMAND FOR TRIAL BY JURY</u>**

Plaintiff Estate of BRAD DRIVER, by and through the Personal Representative and Administrator of his estate, MARIAH DRIVER, hereby demands a trial by jury.

Dated: September 30, 2025

**GOMEZ LAW GROUP,**

By: ______________________

Alvin M. Gomez, Esq.
David Finn, Esq.
Boris Smyslov, Esq.
Attorneys for Plaintiffs

KELLER BENVENUTTI KIM LLP
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

**Exhibit B**

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Alvin M. Gomez, Esq. (SBN 137818), GOMEZ LAW GROUP, P.C.
2725 Jefferson Street, Suite 3, Carlsbad, California 92008

TELEPHONE NO.: (858) 552-0000 FAX NO. : (760) 542-7761
EMAIL ADDRESS: alvingomez@thegomezlawgroup.com
ATTORNEY FOR *(Name):* Plaintiff

FOR COURT USE ONLY

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
09/30/2025
By: L. Stewart Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO**
STREET ADDRESS: 720 9th Street
MAILING ADDRESS: 720 9th Street
CITY AND ZIP CODE: Sacramento, California 95814
BRANCH NAME: Gordon D Schaber Courthouse

CASE NAME:
MARIAH DRIVER v. SETH PETER WELLISCH

**CIVIL CASE COVER SHEET**

[X] **Unlimited** (Amount demanded exceeds $35,000)
[ ] **Limited** (Amount demanded is $35,000 or less)

**Complex Case Designation**

[ ] Counter [ ] Joinder

Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 25CV023179

JUDGE:

DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [X] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):* One
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 30, 2025

Alvin M. Gomez, Esq.
(TYPE OR PRINT NAME)

► [signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

KELLER BENVENUTTI KIM LLP
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

**Exhibit C**

| SUPERIOR COURT OF CALIFORNIA COUNTY OF SACRAMENTO | Court Use Only |
|---|---|
| COURTHOUSE ADDRESS: Gordon D. Schaber Superior Court 720 9th Street, Sacramento, CA 95814 | |
| PLAINTIFF/PETITIONER: Estate of Brad Driver, by and through the Personal Representative and Administrator of his estate, Mariah Driver | |
| DEFENDANT/RESPONDENT: SETH PETER WELLISCH et al | |
| **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (UNLIMITED CIVIL CASE)** | CASE NUMBER: 25CV023179 |

**THIS NOTICE SHALL BE SERVED BY PLAINTIFF'S COUNSEL ON ALL OTHER PARTIES. ANY PARTY WHO HEREAFTER SERVES SUMMONS IN THIS ACTION UPON A NEW PARTY SHALL SERVE A COPY OF THIS NOTICE ON THE NEW PARTY ALONG WITH THE SUMMONS AND COMPLAINT OR CROSS-COMPLAINT.**

## NOTICE OF CASE ASSIGNMENT

Pursuant to rule 3.734 of the California Rules of Court, this action is hereby assigned for limited purposes to the departments indicated below:

| PURPOSE | DEPARTMENT | COURT LOCATION |
|---|---|---|
| **LAW & MOTION** | 53 | Hall of Justice |
| **CASE MANAGEMENT PROGRAM** | 25 | Gordon D. Schaber Superior Court |

Please refer to Chapter Two – Parts 3 and 4 of the Sacramento Superior Court Local Rules and the Court's website for additional filing instructions and information about hearing reservations, tentative rulings, and requesting oral argument.

## NOTICE OF CASE MANAGEMENT CONFERENCE

**Hearing Date**

The above entitled action has been set for a case management conference at **8:30 AM** on **December 18, 2026** in **Department 25** in accordance with California Rules of Court 3.722. You must be familiar with the case and fully prepared to participate effectively in the case management conference.

**Case Management Statement**

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

**Tentative Ruling / Confirming Appearance at the Hearing**

The Court will issue a tentative ruling not later than 2:00 p.m. of the court day before the hearing date which may be viewed by logging into the court's online public portal and accessing your case.

Unless an appearance is ordered in the court's tentative ruling, parties do not need to appear at the hearing. A party requesting appearance to contest a tentative ruling must advise the department clerk and the opposing party no later than 4:00 p.m. on the court day before the hearing.

| SHORT TITLE: ESTATE OF BRAD DRIVER, BY AND THROUGH THE PERSONAL REPRESENTATIVE AND ADMINISTRATOR OF HIS ESTATE, MARIAH DRIVER vs WELLISCH, et al. | CASE NUMBER: 25CV023179 |
|---|---|

| | |
|---|---|
| **Remote Appearances** | Unless ordered to appear in person by the court, parties may appear remotely either telephonically or by video conference via the Zoom video/audio conference platform with notice to the court and all other parties in accordance with Code of Civil Procedure 367.75. If appearing remotely, parties are required to participate in their hearing using a device that has video and/or audio capability (i.e. computer, smartphone, or tablet). Although remote participation is not required, the court will presume all parties are appearing remotely for non-evidentiary civil hearings. |
| **Minimum Requirements** | Prior to the filing of the case management statement, the parties should have done the following:<br>• Served all parties named in the complaint within 60 days after the summons has been issued<br>• Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered |
| **Certification Filed in Lieu of Case Management Statement** | If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement. |
| **Case Management Orders** | At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date. |
| **Compliance** | Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money). |
| **Continuances** | Case management conference(s) will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference. |

Dated: 10/01/2025 By:

/s/ L. Stewart
L. Stewart, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT**
**AND CASE MANAGEMENT CONFERENCE**
**(UNLIMITED CIVIL CASE)**

KELLER BENVENUTTI KIM LLP
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

**Exhibit D**

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
10/01/2025
By: L. Stewart Deputy

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
SETH PETER WELLISCH; and DOES 1-20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
Estate of BRAD DRIVER, by and through the Personal Representative and Administrator of his estate, MARIAH DRIVER

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Sacramento County Superior Court
720 9th Street, Sacramento, California 95814

CASE NUMBER: *(Número del Caso):* 25CV023179

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alvin M. Gomez, Esq., GOMEZ LAW GROUP, P.C., 2725 Jefferson Street, Suite 3, Carlsbad, CA 92008, T: (858) 552-0000

DATE: *(Fecha)* 10/01/2025 Clerk, by *(Secretario)* /s/ L. Stewart , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

SUPERIOR COURT OF CALIFORNIA EUREKA COUNTY OF SACRAMENTO

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

under:
- ☐ CCP 416.10 (corporation)
- ☐ CCP 416.20 (defunct corporation)
- ☐ CCP 416.40 (association or partnership)
- ☐ CCP 416.60 (minor)
- ☐ CCP 416.70 (conservatee)
- ☐ CCP 416.90 (authorized person)
- ☐ other *(specify):*

4. ☐ by personal delivery on *(date)*:

Page 1 of 1

**Exhibit E**

KELLER BENVENUTTI KIM LLP
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br>GOMEZ LAW GROUP PC<br>Alvin M. Gomez SBN 137818<br>2725 Jefferson Street Suite 3<br>Carlsbad, CA 92008<br>TELEPHONE NO: (858) 552-0000 FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: alvingomez@thegomezlawgroup.com<br>ATTORNEY FOR *(Name)*: Plaintiff | *FOR COURT USE ONLY*<br>ELECTRONICALLY FILED<br>Superior Court of California<br>County of Sacramento<br>10/27/2025<br>By: E. Macdonald Deputy |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Sacramento<br>STREET ADDRESS: 720 9th Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Sacramento, 95814<br>BRANCH NAME: Gordon D. Schaber Superior Court | |
| PLAINTIFF / PETITIONER: ESTATE OF BRAD DRIVER<br>DEFENDANT / RESPONDENT: SETH PETER WELLISCH, et al. | CASE NUMBER:<br>25CV023179 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>14364445 (26525368) |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] Summons
   b. [X] Complaint
   c. [ ] Alternative Dispute Resolution (ADR) Package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] Cross-Complaint
   f. [X] Other *(specify documents)*: Notice of Case Assignment and Case Management Conference
3. a. Party served *(specify name of party as shown on documents served)*:
   SETH PETER WELLISCH
   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
4. Address where the party was served:
   5237 Newcastle Ln, Calabasas, CA 91302
5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: (2) at *(time)*:
   b. [X] **by substituted service.** On *(date)*: Fri, Oct 17 2025 at *(time)*: 04:10 PM I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
   Mrs. Wellisch (Cauc/45/135/5'3/Brown), Wife
   (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
   (2) [X] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
   (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
   (4) [X] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
   from *(city)*: or [X] a declaration of mailing is attached.
   (5) [X] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF / PETITIONER: ESTATE OF BRAD DRIVER<br>DEFENDANT / RESPONDENT: SETH PETER WELLISCH, et al. | CASE NUMBER:<br>25CV023179 |
|---|---|

5. c. ☐ **by mail and acknowledgment of receipt of service**. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
   (1) on *(date)*: (2) from *(city)*:
   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)
   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)
   d. ☐ **by other means** *(specify means of service and authorizing code section)*:

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☒ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify)*:
   c. ☐ as occupant.
   d. ☐ On behalf of *(specify)*:
   under the following Code of Civil Procedure section:
   ☐ 416.10 (corporation)
   ☐ 416.20 (defunct corporation)
   ☐ 416.30 (joint stock company/association)
   ☐ 416.40 (association or partnership)
   ☐ 416.50 (public entity)
   ☐ other:
   ☐ 415.95 (business organization, form unknown)
   ☐ 416.60 (minor)
   ☐ 416.70 (ward or conservatee)
   ☐ 416.90 (authorized person)
   ☐ 415.46 (occupant)

7. **Person who served papers**
   a. Name: Nancy Banfield
   b. Address: 1400 North McDowell Blvd Suite 300, Petaluma, CA 94954
   c. Telephone number: 800-938-8815
   d. **The fee** for service was: $140.00
   e. I am:
   (1) ☐ not a registered California process server.
   (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
   (3) ☒ a registered California process server:
   (i) ☐ owner ☐ employee ☒ independent contractor
   (ii) Registration No: 5054
   (iii) County: Los Angeles

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   or
9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: October 23, 2025

Nancy Banfield

(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
1400 North McDowell Blvd Suite 300,
Petaluma, CA 94954
800-938-8815

(SIGNATURE)

MC-031

| | |
|---|---|
| PLAINTIFF / PETITIONER: ESTATE OF BRAD DRIVER<br>DEFENDANT / RESPONDENT: SETH PETER WELLISCH, et al. | CASE NUMBER:<br>25CV023179 |

## DECLARATION OF DILIGENCE

(This form must be attached to another form or court paper before it can be filed in court.)

Party Served: SETH PETER WELLISCH

**1)** Unsuccessful Attempt: Oct 14, 2025, 6:30 pm PDT at Home: 5237 Newcastle Ln, Calabasas, CA 91302

*Gated community. Guard verified defendant resides here. Hear dogs inside. No cars visible.*

**2)** Unsuccessful Attempt: Oct 16, 2025, 8:40 am PDT at Home: 5237 Newcastle Ln, Calabasas, CA 91302

*No answer at the door. Hear dog behind the door. Porch light on . SUV visible in the driveway.*

**3)** Successful Attempt: Oct 17, 2025, 4:10 pm PDT at Home: 5237 Newcastle Ln, Calabasas, CA 91302 received by Mrs. Wellisch (Cauc/45/135/5'3/Brown). Age: 45; Ethnicity: Caucasian ; Gender: Female; Weight: 135; Height: 5'3"; Hair: Brown; Eyes: Brown; Relationship: Wife; Other: Identified myself and wife was very evasive. She then explained she would go back inside and let him knowl was at the door. She returned and said he doesn't want to come to the door and she told me to leave the documents on the stoop.

**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

Date: October 23, 2025

Nancy Banfield

(TYPE OR PRINT NAME)

ng Banfield

(SIGNATURE OF DECLARANT)

☐ Attorney for ☐ Plaintiff ☐ Petitioner ☐ Defendant
☐ Respondent ☒ Other *(Specify)*: Process Server

MC-031

| | | |
|---|---|---|
| PLAINTIFF / PETITIONER: | ESTATE OF BRAD DRIVER | CASE NUMBER: |
| DEFENDANT / RESPONDENT: | SETH PETER WELLISCH, et al. | 25CV023179 |

## DECLARATION OF MAILING

(This form must be attached to another form or court paper before it can be filed in court.)

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 1400 North McDowell Blvd Suite 300, Petaluma, CA 94954.

On 10/23/2025, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made (if applicable), I mailed copies of the:

Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment and Case Management Conference

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Petaluma, CA, addressed as follows:

SETH PETER WELLISCH
5237 Newcastle Ln
Calabasas, CA 91302.

**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

Date: 10/23/2025

Kendall Holmes

(TYPE OR PRINT NAME)

(SIGNATURE OF DECLARANT)

☐ Attorney for ☐ Plaintiff ☐ Petitioner ☐ Defendant
☐ Respondent ☒ Other *(Specify):* InfoTrack US, Inc.

KELLER BENVENUTTI KIM LLP
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

**Exhibit F**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO

Gordon D. Schaber Superior Court, Department 31

JUDICIAL OFFICER: HONORABLE STEVEN M. GEVERCER

Courtroom Clerk: None CSR: None

**25CV023179** November 7, 2025 2:56 PM

**ESTATE OF BRAD DRIVER, BY AND THROUGH THE PERSONAL REPRESENTATIVE AND ADMINISTRATOR OF HIS ESTATE, MARIAH DRIVER**
**vs**
**WELLISCH, et al.**

## MINUTES

**APPEARANCES:**

No Appearances

**NATURE OF PROCEEDINGS: Notice of Reassignment to Civil Home Court Department - Effective November 10, 2025**

Pursuant to the Standing Order of the Sacramento Superior Court Standing Order No. SSC-25-7, Order: Establishment of Home Court System and Expansion of Law and Motion Departments Effective November 10, 2025, dated 9/29/2025, the above-referenced matter has been reviewed and is hereby reassigned to the Civil Home Court System.

The standing order and related public notice can be viewed on the Court's website at https://www.saccourt.ca.gov/civil/civil.aspx for a detailed outline of full implementation information and instructions.

The dates/times each Civil Home Court department holds their case management hearings and law and motion matters including tentative ruling information is available on the *Civil Home Courts* page located on the Court's website at https://www.saccourt.ca.gov/civil/civil.aspx.

Beginning November 10, 2025, parties are strongly encouraged to visit the Court's Public Portal at https://prod-portal-sacramento-ca.journaltech.com/public-portal/ to verify their department assignment before reserving any future law and motion matters and to confirm any previously reserved and/or scheduled hearing dates and times.

Good cause appearing, and by order of the Court, **effective November 10, 2025**, the above-entitled matter is reassigned to **Department 53**, Judge **Richard K. Sueyoshi** presiding, at the **Hall of Justice**, for case management (if applicable) and law and

motion proceedings only.

On the Court's own motion, the Case Management Conference scheduled for 12/18/2026 is vacated.

Initial Case Management Conference is scheduled for 12/30/2026 at 01:30 PM in Department 53 at Hall of Justice.

Certificate of Mailing is attached.

/s/ R. Macdonald

By: R. Macdonald, Deputy Clerk

Minutes of: 11/07/2025
Entered on: 11/08/2025

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SACRAMENTO | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Gordon D. Schaber Superior Court<br>720 9th Street, Sacramento, CA 95814 | |
| PLAINTIFF/PETITIONER:<br>Estate of Brad Driver, by and through the Personal Representative and Administrator of his estate, Mariah Driver | |
| DEFENDANT/RESPONDENT:<br>SETH PETER WELLISCH et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>25CV023179 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Notice of Reassignment to Civil Home Court Department - Effec...) upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Sacramento, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Alvin Mark Gomez
Gomez Law Group PC
2725 Jefferson St Ste 3
Carlsbad, CA 92008

Dated: 11/10/2025 By: /s/ R. Macdonald
R. Macdonald, Deputy Clerk

**CERTIFICATE OF MAILING**

KELLER BENVENUTTI KIM LLP
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

**Exhibit G**

ALVIN M. GOMEZ (SBN 137818)
alvingomez@thegomezlawgroup.com
DAVID FINN (SBN 249247)
david@thegomezlawgroup.com
BORIS SMYSLOV (SBN 297252)
boris@thegomezlawgroup.com
GOMEZ LAW GROUP
2725 Jefferson Street, Suite 3
Carlsbad, California 92008
Telephone: (858) 552-0000

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
10/25/2024
By: A. Mocanu Deputy

Attorney for Plaintiff Estate of BRAD DRIVER, by and through the Personal Representative and Administrator of his estate, MARIAH DRIVER

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SACRAMENTO**

| | |
|---|---|
| Estate of BRAD DRIVER, by and through the Personal Representative and Administrator of his estate, MARIAH DRIVER,<br>Plaintiff,<br><br>vs.<br><br>KS MATTSON COMPANY LLC, a limited liability company; KS MATISON PARTNERS, LP, a limited partnership; CHARLES RICHARD DAVIS; GERALD C POLLOCK REVOCABLE LIVING TRUST; EANDI FAMILY PROPERTIES LLC; NICOLE A ACACIO; SAMUEL R HALEY JR; SHERIDAN K HALEY; ANDERSON 2001 REVOCABLE TRUST; HAYES FAMILY TRUST; HANSON FAMILY 2002 TRUST; DIMITRI TRETIAKOFF; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 24CV021784<br><br>**COMPLAINT FOR PARTITION AND SALE OF REAL PROPERTY** |

Estate of BRAD DRIVER, by and through the Personal Representative and Administrator of his estate, MARIAH DRIVER (“Plaintiff”), brings this Complaint for

the Partition and Sale of Real Property in accordance with California Code of Civil Procedure § 872.210 and alleges as follows:

**General Allegations**

1. On a date prior to August 2020, Brad Driver became a financial services client of Defendants KS Mattson Company LLC, a limited liability company and KS Mattson Partners, LP, a California limited partnership. Brad Driver utilized financial services provided by the Defendants, including investing as a co-owner in real estate with the Defendants.

2. In August 2020, Brad Driver purchased from KS Mattson Partners LP, an undivided 24.084% share of 47 and 49 Natoma Street, Folsom, California ("Subject Properties") for $1,600,000.00

3. On July 18, 2024, Brad Driver passed away. His daughter, Mariah Driver, is an heir to his estate. On October 23, 2024, Mariah Driver was appointed Personal Representative and Administrator of Brad Driver's estate by the Superior Court of California, County of Alameda and Letters of Administration were issued the same day.

4. Mariah Driver, in her capacity as Personal Representative of Brad Driver's estate, has authority under California Penal Code section 9820 to commence this proceeding for the benefit of the estate. Mariah Driver, in her capacity as an heir of Brad Driver's estate, has authority under California Penal Code section 9654 to commence to action for possession of the Subject Properties.

5. Prior to the filing of this proceeding, Mariah Driver became aware of multiple lawsuits against entities related to representatives and principals of Defendants KS Mattson Partners LP and KS Mattson LLC, and has learned that these Defendants have failed to perform basic property management regarding the Subject Properties.

///

## The Parties

6. Plaintiff is a co-owner of two parcels of real property located at 47 and 49 Natoma Street, Folsom, California, ("Subject Properties"), that they co-own with Defendants.

7. On information and belief, Defendant KS Mattson Partners, LP ("KS Mattson LP") is a limited partnership doing business in California.

8. Defendant KS Mattson Company LLC ("KS Mattson LLC") is a limited liability company doing business in the State of California. On information and belief, Kenneth Mattson is the manager of KS Mattson LLC. On information and belief, KS Mattson LLC is the managing general partner to KS Mattson LP.

9. Based on information and belief and property records, the following individuals and entities are also owners of the Subject Properties: Charles Richard Davis; Gerald C Pollock Revocable Living Trust; Eandi Family Properties LLC; Nicole A Acacio; Samuel R Haley Jr; Sheridan K Haley; Anderson 2001 Revocable Trust; Hayes Family Trust; Hanson Family 2002 Trust; Dimitri Tretiakoff.

10. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 50, inclusive, are unknown to Plaintiff, and therefore Plaintiff sues these Does by such fictitious names. Plaintiff is informed and believes and thereon allege that each of said fictitiously named DOES is in some manner responsible for the events and occurrences herein, and was an actual, proximate, and substantial cause of the injuries to Plaintiff, as herein alleged. Further, Plaintiff designates all persons unknown claiming any interest in the Property as DOES 51 through 100, inclusive.

11. The fictitiously named DOES, Defendants Mattson, KS Mattson LLC, and KS Mattson LP, are collectively referred to as Defendants. Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of these DOES when they have been ascertained.

## The Subject Property

12. Plaintiff and Defendants jointly own the Subject Properties commonly known as 47 and 49 Natoma Street, Folsom, California. The legal description for the Subject Properties is:

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF FOLSOM, COUNTY OF SACRAMENTO, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

Parcel 1:

Parcel A, as shown on the Parcel Map entitled "Portion of Projected Section 36, T.10 N., R.7 E., M.D.M. Rancho De Los Americanos", filed in the office of the Recorder of Sacramento County, California, on April 29, 1975, in Book 22 of Parcel Maps, Map No. 6.

APN: 071-0310-009

Parcel 2:

A portion of projected Section 36, T.10 N., R.7 E., M.D.B.& M., City of Folsom, Sacramento County, California, described as follows:

Commencing at the Northwest comer of Lot 21, Natomas Heights, No. 6, in Projected Section 36, T.10 N., R.7 E., M.D.B.& M., City of Folsom, Sacramento County, California, as shown on that map filed in Map Book 53, Map No. 4, Sacramento County Records;

Thence along the Northeasterly right of way line of Wales Drive, North 36° 48' West 703.10 feet to the point of beginning of this description; thence from said point of beginning continuing North 36° 48' 00" West 188.00 feet; thence along a 20.00 foot radius curve to the right through an angle of 94° 48' 33"; a distance of 33.09 feet, to a point on the Southeasterly right of way line of Morman Island Road, (now called Natoma Street); thence from a tangent that bears North 58° 00' 33" East along a 4557 foot radius curve to the right through an angle of 02° 40' 00", a distance of 212.09 feet; thence leaving the said Southeasterly line of Natoma Street, South 29° 19' 27” East 186.63 feet; (radially); thence South 53° 12' 00" West 208.23 feet to the point of beginning.

APN: 071-0310-001

## FIRST CAUSE OF ACTION

(Partition and Sale against all Defendants, including DOES 1-100, inclusive)

13. The Plaintiff incorporates by reference each of the allegations in paragraphs 1 through 12 above as though fully set forth herein.

14. The Plaintiff and Defendants are co-owners to the Subject Properties with the Plaintiff owning a 24.084% undivided interest in the Subject Properties. Based on information and belief and property records, the Defendants own the remaining interest in the Subject Properties.

15. The Plaintiff has determined that it is undesirable to continue to own the Subject Properties jointly with Defendants.

16. It is not practicable to divide the Subject Properties in kind.

17. This action is brought and partition is sought herein for the common benefit of the parties.

18. Accordingly, the Plaintiff requests that the Subject Properties be partitioned by sale. Partition by sale of the Subject Properties is more equitable than division in kind of the Subject Properties because, among other things, (a) the nature of the Subject Properties, two condominium units, renders a division in kind impracticable, (b) a division in kind would substantially diminish the value of each owner's interest in the Subject Properties, and (c) a division in kind cannot legally be accomplished under the facts and circumstances present in this action.

## PRAYER FOR RELIEF

19. WHEREFORE, Plaintiff prays for judgment against all Defendants, including DOES 1 through 100 inclusive, as follows:

1. For partition by sale of the Subject Properties according to their respective rights of the parties hereto;
2. For an equitable allocation of the proceeds of the sale of the Subject Properties including the payment of debt secured by same and the costs of

partition, including but not limited to, reasonable attorney's fees, title expenses and that the costs be secured by a lien against the proceeds of the sale of the Subject Properties; and

3. Such other and further relief as the Court may deem just and proper.

Dated: October 25, 2024

**GOMEZ LAW GROUP**

By: ______________________

Alvin M. Gomez, Esq.
David Finn, Esq.
Boris Smyslov, Esq.
Attorneys for Plaintiffs